**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**JULIAN GORMAN,**                                      **CASE NO. 2:10-CV-1168**

      **Petitioner,**

**v.**                                                              **JUDGE MICHAEL H. WATSON**
                                                                     **Magistrate Judge Kemp**

**WARDEN, CHILLICOTHE**
 **CORRECTIONAL INSTITUTION,**

      **Respondent.**

## OPINION AND ORDER

This matter is before the Court on Petitioner Julian Gorman's objections to a

Report and Recommendation issued by the Magistrate Judge on May 14, 2012.

Although the exact document which petitioner filed is entitled "Notice of Appeal,"

because a Report and Recommendation is not a final, appealable order, and because

the content of the filing clearly indicates that petitioner seeks review in the District

Court, the court construes the notice of appeal as petitioner's objections to the Report

and Recommendation. The Court, having reviewed the record de novo, finds for the

reasons set out below that the objections to the Report and Recommendation are

without merit. For the following reasons, petitioner's objections will be **OVERRULED**

and the Report and Recommendation will be **ADOPTED** in its entirety. Petitioner's

motion to stay and abey (Doc. 23) will also be **DENIED**.

### I. STANDARD OF REVIEW

When objections are received to a Magistrate Judge's Report and

Recommendation on a dispositive matter, the assigned District Judge "shall make a de

novo determination ... of any portion of the magistrate judge's disposition to which

specific written objection has been made ...." Fed. R. Civ. P. 72(b).  After review, the

District Judge "may accept, reject, or modify the recommended decision, receive further

evidence, or recommit the matter to the magistrate judge with instructions." *Id.; see*

*also* 28 U.S.C. §636(b)(1)(B).  General objections are insufficient to preserve any

issues for review; "[a] general objection to the entirety of the magistrate's report has the

same effects as would a failure to object." *Howard v. Secretary of Health and Human*

*Services*, 932 F.2d 505, 509 (6th Cir. 1991).

## II. THE REPORT AND RECOMMENDATION

As more fully set out in the Report and Recommendation, petitioner was

convicted by a Franklin County, Ohio jury of three counts of rape and three counts of

gross sexual imposition and was sentenced to a total of 22 years of imprisonment and

five years of mandatory post-release control.  All of his claims here are related to that

conviction.

In the Report and Recommendation, the Magistrate Judge recommended that

petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be

dismissed on the ground of procedural default.  Although petitioner asserted thirteen

claims for relief in his petition, and then amended one of them to add another ground

for relief, the Magistrate Judge found that none of the claims were properly preserved

for federal court review.  That conclusion was based on the fact that although petitioner

filed numerous appeals or collateral challenges to his conviction in the state courts, he

properly presented only a few claims to the Ohio Supreme Court -as he was required to

do in order to avoid procedural default - and he did not assert any of those claims as

grounds for habeas corpus relief. The Report and Recommendation also concluded that the ineffective assistance of counsel could not serve as cause to excuse any of petitioner's procedural defaults because petitioner did not properly preserve - and therefore procedurally defaulted - any claims of ineffective assistance of counsel except one, and, as to that claim, counsel was not constitutionally ineffective. As a result, the Magistrate Judge recommended that the entire action be dismissed on procedural default grounds, without reaching the merits of any of petitioner's grounds for relief.

### III. THE OBJECTIONS

Petitioner does not, for the most part, object to the dismissal of many of his claims on grounds of procedural default. However, he makes two specific arguments concerning his eighth and ninth claims for relief. It is helpful to set these claims out in full in order to frame the Court's discussion of them.

In his eighth and ninth grounds for relief, petitioner asserts the following claims:

**Ground Eight**: "Petitioner Gorman's rights were violated to confront and effective cross examination as guaranteed by the Ohio and U.S. Constitution was violated when the trial court allowed hearsay testimony against the accused."

**Supporting Facts**: "Diane Lampkins (Forensic interviewer /social worker with no medical training, background or history was the one who interviewed the Alleged victim. Gail Horner was the medical physician, Horner and Lampkins testified to hearsay statements from Diane Lampkins report that supposedly came from the Alleged victim. The Alleged victim never testified or corroborated any of the hearsay statements. The trial court never addressed the statements or gave any limiting instructions."

**Ground Nine**: "Petitioner was deprived of effective assistance of trial Counsel in this case in violations of his rights under the Sixth and Fourteenth Amendment of the United States Constitution."

**Supporting Facts**: "Through-out my trial the prosecuting attorney asked leading questions of his witness (the alleged victim) and the majority of which

were not objected to by defense counsel."

Claim eight roughly corresponds to three of the four assignments of error contained in

his appeal to the Tenth District Court of Appeals (his third assignment of error related to

a polygraph examination and it is not addressed in petitioner's objections). Those

assignments of error read:

> I. THE TRIAL COURT COMMITTED ERROR BY ALLOWING HEARSAY TESTIMONY AGAINST APPELLANT, THEREBY DEPRIVING HIM OF HIS RIGHT TO CONFRONT WITNESSES CONTRA THE U.S. AND OHIO CONSTITUTIONS.
>
> II. THE TRIAL COURT COMMITTED PLAIN ERROR IN ADMITTING HEARSAY STATEMENTS CONTAINED IN A SOCIAL WORKER'S REPORT CONTRA EVIDENCE RULE 803(4).
>
> IV. WHEN COUNSEL'S PERFORMANCE IS DEFICIENT IN THE CONDUCT OF TRIAL COUPLED WITH PREJUDICE INURING TO THE DETRIMENT OF THE APPELLANT, HIS RIGHT TO A FAIR TRAIL AND EFFECTIVE ASSISTANCE OF COUNSEL ARE VIOLATED CONTRA THE OHIO AND FEDERAL CONSTITUTIONS.

These same three issues were properly presented to the Ohio Supreme Court in

petitioner's delayed appeal (which the Supreme Court allowed to be filed). They were

the only issues so presented. The specific instances of ineffective assistance of

counsel which make up petitioner's ninth ground for relief were not presented as part of

these three assignments of error, and ground nine will be discussed separately below.

Turning first to petitioner's eighth ground for relief - the improper admission of

hearsay evidence at trial - the Report and Recommendation concluded that this claim

had been procedurally defaulted not because it was not raised on appeal, but because

petitioner's counsel did not object to the testimony and therefore waived the issue for

purposes of appeal. That conclusion is supported by the court of appeals opinion: after noting that the only objection to the alleged hearsay testimony and statements was that it was cumulative of the victim's testimony, the court of appeals held that "the defense did not raise the hearsay and confrontation clause issues at trial and, therefore, forfeited all but plain error on these issues." *State v. J.G.A.*, 2009 WL 1700118, *2 (Franklin Co. App. June 16, 2009). Although the court of appeals then conducted a plain error review, such a review does not revive a claim which was otherwise procedurally defaulted. The Court of Appeals for the Sixth Circuit has held that a state court may review a claim for plain error without excusing a procedural default. *Seymour v. Walker*, 224 F.3d 542, 557 (6th Cir. 2000).

In his objections, petitioner quotes at length from the written report of Ms. Lampkins and argues that it was extremely prejudicial for the jury to have had this report with it during deliberations. He also faults his attorney for failing to recall the victim to the stand after the alleged hearsay testimony and report were admitted. Finally, he quotes from the trial transcript the exact objection which his attorney made to allowing the jury to have the report. That quote shows that trial counsel objected not to the admission of the report into evidence, but to sending it to the jury, on grounds that it was like having the expert testify twice and that it was "just a repetition of the testimony."

The portion of the transcript quoted in the objections simply confirms the state court of appeals' conclusion that no hearsay or confrontation clause objections were raised in the trial court with regard to the expert testimony or the expert reports. Thus, it is clear that, absent grounds which would satisfy the "cause and prejudice" standard

announced in cases like *Murray v. Carrier*, 477 U.S. 478, 485 (1986), *Engle v. Isaac*, 456 U.S. 107, 129 (1982), and *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977), any claims founded upon the improper admission of hearsay testimony or the violation of the Confrontation Clause were procedurally defaulted.

The Report and Recommendation considered whether ineffective assistance of counsel could serve as a cause which would excuse the procedural default of this claim. Although Respondent had argued that any such claim had itself been procedurally defaulted, the Magistrate Judge found otherwise because petitioner did argue ineffective assistance of trial counsel both to the state court of appeals and to the Ohio Supreme Court. Respondent has not objected to that (or any other) portion of the Report and Recommendation, so the Court accepts the proposition that petitioner is entitled to federal court review of his claim that his trial counsel was constitutionally ineffective for having failed to raise hearsay or Confrontation Clause objections to the admission of testimony from Ms. Lampkins or another expert, Gail Hornor, both of whom testified to statements made to them by the victim, petitioner's daughter.

In evaluating petitioner's objections, it is worth quoting the Report and Recommendation at some length:

> The test for evaluating whether counsel's performance was so deficient that it violated the Sixth Amendment guarantee to the effective assistance of counsel is the familiar two-part test articulated in *Strickland v. Washington*, 466 U.S. 668 (1984). Under that test, the first question focuses on whether counsel's performance fell below the constitutionally-required level of competency expected from criminal defense attorneys. The second question is whether, if counsel did perform inadequately, that performance prejudiced his or her client. Prejudice is demonstrated if, but for counsel's errors, there is a reasonable probability that the outcome of the case would have been different. *Id.*

The state court of appeals properly cited to *Strickland* and held that counsel was not ineffective for failing to object to the introduction of the evidence at issue because that court had "already concluded ... that the statements were not inadmissible hearsay and that admission of the statements did not contravene the confrontation clause." *State v. J.G.A.*, at *4. For purposes of determining if petitioner's counsel was ineffective and that such ineffectiveness excuses the procedural default of the claims made in ground eight of the petition, the Court reviews this state court determination *de novo* - that is, without affording the state court determination the type of deference ordinarily required by 28 U.S.C. §2254(d)(1) . *Joseph v. Coyle*, 469 F.3d 441, 459 (6th Cir. 2006); *see also Hall v. Vasbinder*, 563 F.3d 222, 236-37 (6th Cir. 2009).

Respondent has not presented a great deal of argument on this issue. In fact, the only comment made in the return about the correctness of the state court's determination on the question of ineffective assistance of counsel is contained in a footnote, which reads, in its entirety, "It is worth noting that the claim [i.e. ground eight] is plainly without merit as well. Because the victim - the declarant - testified at trial, no confrontation issue arose from admitting her prior statements." *Return of Writ*, Doc. #8, at 20 n.1. While not directly addressing the issue of ineffective assistance of counsel, this argument does support the state court's determination that counsel was not ineffective because any Confrontation Clause objection - which is the only federal component to ground eight - would have been futile, and counsel cannot be faulted for failing to make a groundless objection.

Although the Court need not afford the state appellate court's decision on this issue any special deference, it is helpful to examine that court's reasoning on the Confrontation Clause issue. The state court used the same rationale cited in the return, namely that "because J.A.G. underwent cross-examination at trial, the trial court did not violate the state or federal confrontation clauses when admitting the evidence on J.A.G.'s statements at the Advocacy Center." *State v. J.G.A.*, 2009 WL 1700118, *3.

This conclusion is fully supported by applicable precedent. In *California v. Green*, 399 U.S. 149, 161 (1970) the United States Supreme Court stated that "none of our decisions interpreting the Confrontation Clause requires excluding the out-of-court statements of a witness who is available and testifying at trial." As the Court of Appeals has observed, "[i]f there was an opportunity to cross-examine there is not a violation of the Confrontation Clause." *Harrison v. Chandler*, 1998 WL 786900, *3 (6th Cir. October 26, 1998). In dealing with this precise situation - that is, where the alleged victim made out-of-court statements about sexual abuse which were then admitted into evidence - this Court has held that such a situation "does not trigger any concerns under the Sixth Amendment's Confrontation Clause

because the out-of-court declarant ... testified at petitioner's trial and was subjected to unrestricted cross-examination by defense counsel." *Williams v. Brunsman*, 2010 WL 3062853 (S.D. Ohio May 3, 2010), *adopted and affirmed* 2010 WL 3075273 (S.D. Ohio Aug, 4, 2010), *citing, inter alia, Crawford v. Washington*, 541 U.S. 36, 59 n.9 (2004)("when the declarant appears for cross-examination at trial, the Confrontation Clause places no constraints at all on the use of his prior testimonial statements").

In this case, the victim appeared at trial and was subject to cross-examination. Counsel could have chosen to ask her about all of the out-of-court statements she allegedly made. For purposes of the Confrontation Clause, it does not matter if counsel chose to question the witness about these statements or not; that clause protects "the opportunity to challenge [an] accuser in a face-to-face encounter in front of the trier of fact," *California v. Green*, 399 U.S. at 156, regardless of whether the defendant or counsel took advantage of that opportunity. Consequently, petitioner's counsel was under no obligation to raise a Confrontation Clause objection to the statements, and his failure to do so did not violate the Sixth Amendment.

*Gorman v. Warden, Chillicothe Correctional Inst.*, 2012 WL 1678962, *10-12 (S.D. Ohio

May 14, 2012).

Petitioner continues to argue that the admission of these statements violated the

Sixth Amendment. *Objections*, ECF No. 22, at 7. However, he cites no cases which

address the key fact here: that the victim whose statements were repeated by the two

expert witnesses, and whose statements appear in Ms. Lampkins' report -was actually

called to testify at trial. Although he faults counsel for not recalling her to the witness

stand after her out-of-court statements were admitted, that did not change the fact that

the victim actually testified and that petitioner either did confront, or had the opportunity

to confront, her about her statements. Thus, had counsel raised the Sixth Amendment

objection which petitioner asserts here, it would have been legally unfounded. The

Court agrees that it is not ineffective assistance for an attorney to fail to make an

unfounded objection. There is thus no basis for excusing the procedural default of this

claim.

It is worthwhile noting that, although petitioner's only federal claim about the admission of this evidence is the Confrontation Clause claim, he also appears to argue that counsel should have made a state-law based hearsay objection as well. Had that objection been sustained, the evidence would not have come in. This argument would not, of course, allow this Court to review the hearsay issue itself, since that is purely a matter of state law, but it might support an independent claim of ineffective assistance of trial counsel.

In conducting its plain error review, the state court of appeals had this to say about the possible merit of any hearsay objection based on the Ohio Rules of Evidence:

> We next examine whether the evidence on J.A.G.'s statements at the Advocacy Center constitutes inadmissible hearsay. Evid.R. 803(4) provides an exception to the rule against the admissibility of hearsay and allows the admission of statements made for medical diagnosis or treatment. We have repeatedly applied Evid.R. 803(4) to uphold the admission of children's statements to Advocacy Center personnel. *State v. Gilfillan*, 10th Dist. No. 08AP-317, 2009-Ohio-1104, ¶ 74-79; *State v. Arnold,* 10th Dist. No. 07AP-789, 2008-Ohio-3471, ¶ 35-39; *Ferguson* at ¶ 34-42; *State v. D.H.,* 10th Dist. No. 07AP-73, 2007-Ohio-5970, ¶ 38-48; *State v. Jordan,* 10th Dist. No. 06AP-96, 2006-Ohio-6224, ¶ 17-21; *State v. Edinger*, 10th Dist. No. 05AP-31, 2006-Ohio-1527, ¶ 53-64. J.A.G.'s statements are consistent with those at issue in these cases, and these cases establish that J.A.G. made the statements for medical diagnosis or treatment. Defendant argues that Evid.R. 803(4) did not apply because Lampkins testified that the police have a copy of the recorded interview, and Lampkins said that the video is not part of the medical record. Police access to the interview does not change its essential purpose, however. *Jordan* at ¶ 20. We hold that J.A.G.'s statements were admissible under Evid.R. 803(4). Accordingly, we conclude that the trial court did not commit plain error when it admitted the evidence on J.A.G.'s statements at the Advocacy Center. Thus, we overrule defendant's first and second assignments of error.

*State v. J.G.A, supra,* at *3. In light of the litany of cases cited by the court of appeals holding that the statements to which Ms. Lampkins testified, and which were contained

in her report, were not inadmissible hearsay under the Ohio Rules of Evidence, counsel cannot have been constitutionally ineffective for failing to raise what would clearly have been a futile objection. And it is not for this Court to second-guess how the Ohio courts interpret their own evidence rules. As the Court of Appeals noted in *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988), "[i]n considering a petition for a writ of habeas corpus, '[t]he federal courts must defer to a state court's interpretation of its own rules of evidence and procedure.' *Machin v. Wainwright,* 758 F.2d 1431, 1433 (11th Cir.1985) (citations omitted)." Thus, the Court cannot find that the procedural default of petitioner's eighth ground for relief has been excused by the claimed ineffective assistance of his trial counsel in failing to raise hearsay and Confrontation Clause objections to the evidence given by witnesses Lampkins and Hornor.

As to ground nine, petitioner argues that it was not defaulted because he argued ineffective assistance of trial counsel to the Ohio appellate courts. However, the specific instances of ineffective assistance of counsel which he argued on appeal related only to the failure to object to the alleged hearsay statements which the Court has discussed in connection with his eighth ground for relief. The other ineffective assistance of counsel claim–failure to object to leading questions–was not argued to the court of appeals. It was therefore defaulted.

Petitioner's only other objection is a more general one. To the extent that he attempted to rely on ineffective assistance of appellate, rather than trial, counsel as a basis for excusing the procedural default of some of his other claims for relief, the Report and Recommendation concluded that such reliance was improper. That is because, under *Edwards v. Carpenter*, 529 U.S. 446 (2000), if the claim of ineffective

assistance of counsel advanced as an excuse for a procedural default has itself been procedurally defaulted, it cannot be considered as "cause" for the underlying default.

Here, petitioner defaulted his ineffective assistance of appellate counsel claims when he failed to appeal the denial of a Rule 26(B) motion, which he filed in the state court of appeals, to the Ohio Supreme Court. He had asserted in his petition that he did appeal that matter, but the Report and Recommendation noted that the state court docket sheet did not mention such an appeal. In his objection, petitioner clarifies the issue by noting that he sent a motion for delayed appeal of the denial of his Rule 26(B) motion to the Ohio Supreme Court but that the Clerk of that Court refused to file it. He argues that this refusal, of itself, is not evidence of a procedural default, and that this Court can therefore review his claim of ineffective assistance of appellate counsel to see if it excuses any of the other procedural defaults which occurred.

This argument, too, fails to persuade the Court that it may consider any claims relating to the ineffective assistance of appellate counsel. Petitioner concedes that he did not timely appeal the denial of his Rule 26(B) motion to the Ohio Supreme Court. Supreme Court Practice Rule II, Section 2(A)(4)(b) states that a delayed appeal is not available in proceedings involving Rule 26(B) applications. Therefore, once petitioner procedurally defaulted the claims made in his Rule 26(B) application by not taking a timely appeal, he had no ability to ask for a delayed appeal. The Clerk acted properly in refusing his application and pursuant to an established rule of practice. Under the test set forth in *Maupin v. Smith*, 785 F.2d 135 (6th Cir. 1986), this constitutes a procedural default actually enforced by the state courts and prevents petitioner from relying on any of the claims he asserted in his Rule 26(B) application to excuse other

procedural defaults. Because both of his objections lack merit, they will be overruled.

## IV. THE MOTION TO STAY AND ABEY

In his motion to stay and abey, petitioner seeks a stay of this action in order to allow him to present one of his claims to the state courts. Respondent has not responded to this motion. The claim at issue is that the expert witnesses at trial were allowed improperly to vouch for the credibility of the victim.

As this Court has held,

> When a district court is faced with a mixed petition containing both exhausted and unexhausted claims, the court has discretion to stay the petition and hold the proceedings in abeyance to allow the petitioner to present the unexhausted claims to the state courts. *Rhines v. Weber*, 544 U.S. 269, 275–76, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005). In so holding, the Supreme Court emphasized that stay and abeyance should be utilized sparingly, explaining:
>
> > Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.

*Cook v. Anderson*, 2011 WL 6780869, *3 (S.D. Ohio December 22, 2011). Here, the petition is not a mixed petition, and petitioner has not suggested any reason why he did not present this claim to the state courts before. The claim is procedurally defaulted, and there is no available state court remedy in which it could now be presented. Because the contours of the stay and abeyance doctrine have not been satisfied here, petitioner's motion for such relief is without merit.

## V. DISPOSITION

For the foregoing reasons, petitioner's objections are **OVERRULED**.  The

Magistrate Judge's Report and Recommendation (ECF No.  20) is **ADOPTED** and

**AFFIRMED**.  Petitioner's motion for stay and abeyance (ECF No. 23) is **DENIED**.  This

action is hereby **DISMISSED**.

IT IS SO ORDERED.

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**